UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOYCE WHETSTONE | CIVIL ACTION |
| VERSUS | NUMBER 07-9704 |
| JEFFERSON PARISH PUBLIC SCHOOL BOARD | SECTION "L" (3) |

### ORDER & REASONS

Currently pending before the Court is a Motion to Dismiss filed by Defendant Keven J. Bianchini (Rec. Doc. 54) and a Motion to Dismiss, or in the Alternative, for Summary Judgement filed by Defendant Karen Ortenberg (Rec. Doc. 67). For the following reasons, Defendants' motions are GRANTED.

## I. BACKGROUND

This case arises out of two physical assaults upon the Plaintiff in this case, a Jefferson Parish special education teacher, Joyce Whetstone, by several of her students. The first attack, which occurred in February of 2001, happened in Plaintiff's classroom. Plaintiff alleges that she suffered serious mental and physical injuries as a result of this attack, which rendered her disabled. Accordingly, she asked the Jefferson Parish Public School Board ("School Board") to either remove the student from her class, remove her from the class, or test and treat the child to prevent further attacks. Plaintiff alleges that these requests were denied and she was told to return to work under the same conditions. Thereafter, Plaintiff alleges that she was instructed to take the students on a field trip. Out of fear for her safety, and without the approval of the principal or assistant principal, Plaintiff left her original attacker behind. Nonetheless, Plaintiff alleges that while on the field trip, she was attacked by a second student.

Following these attacks, Plaintiff began to receive medical treatment. She was initially referred by her Workers Compensation Carrier to Dr. Jeffrey J. Sketchler for evaluation and examination. Dr. Sketchler recommended further treatment and the Workers Compensation Carrier approved evaluation and treatment at the Medical Musculoskeletal Institute ("MMI"). At the MMI, Plaintiff was treated by Dr. Kevin J. Bianchini, a neuropsychologist, and Dr. Karen Ortenberg, a physician who is board certified in physical medicine and rehabilitation. While Drs. Bianchini and Ortenberg were treating the Plaintiff, the doctors were sending reports about Plaintiff's treatment and progress to the School Board and their Workers Compensation Carrier. These reports often contained opinions and recommendations about Plaintiff's progress and her ability to return to work under certain conditions.

On July 28, 2006, Plaintiff filed a state court Petition for Damages in the 24th Judicial District for the Parish of Jefferson which named Dr. Ortenberg as a defendant. On January 19, 2007, Plaintiff filed a Medical Review Panel Complaint against Dr. Ortenberg with the Division of Administration. On March 5, 2007, the state court granted an exception of prematurity and dismissed Plaintiff's state court claims against Dr. Ortenberg without prejudice. On December 19, 2007, Plaintiff filed the instant lawsuit in this Court, initially naming only the School Board as a Defendant. On September 30, 2009, Plaintiff amended her complaint to include claims against Dr. Bianchini and on November 16, 2009, she amended her complaint to include claims against Dr. Ortenberg.

In her Third Amended Complaint, Plaintiff asserts claims against all defendants under the Americans with Disabilities Act ("ADA"). In addition she asserts claims for constitutional violations, and state law claims for negligence, intentional infliction of emotional distress, and

the breach of the standard of care owed by a doctor to their patient. On December 2, 2009, Dr. Bianchini filed a motion to dismiss, which was set for hearing on January 13, 2009. Before the Court had an opportunity to rule on that motion, Dr. Ortenberg filed a motion to dismiss, or in the alternative, motion for summary judgment on January 29, 2010. On April 23, 2010, the court heard oral argument on both motions.

## II.     PRESENT MOTIONS

Dr. Ortenberg and Dr. Bianchini, in their respective motions, argue that all of Plaintiff's claims against them should be dismissed. Dr. Ortenburg also seeks, in the alternative, summary judgment. First, the Defendants assert that Plaintiff's ADA claims must be dismissed because they acted as independent contractors to the MMI and were not Plaintiff's employer as required by the ADA. Next, they argue that the constitutional claims must be dismissed because they were not state actors, nor were they acting under color of state law. Finally, they claim that Plaintiff's state law claims should be dismissed. They take the position that if the federal claims are dismissed, the Court should decline to exercise pendant jurisdiction over the state law claims. Alternatively, Dr. Ortenberg points out that the Louisiana Medical Malpractice Act requires that a medical review panel review the case prior to any lawsuit. Because the panel review is not yet complete, Dr. Ortenberg asserts that the state law claims must be dismissed.

Plaintiff has responded and asserts that the doctors, by acting "in concert" with the School Board, have subjected themselves to liability for violations of the ADA and the Constitution. She also argues that her state law claims arise out of "administrative negligence" and not medical malpractice and are not dependent on a prior resolution of the medical panel review. She asserts that even if the Court dismisses her federal claims it should retain

jurisdiction over her state law claims. Finally, she asks for an opportunity to amend her complaint for the fourth time in the event that the Court concludes that dismissal is appropriate.

## III. LAW & ANALYSIS

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, a district court must accept the factual allegations of the complaint as true and resolve all ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Unless it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim," the complaint should not be dismissed for failure to state a claim. *Id.* at 284-285 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed.2d 80 (1957)). However, conclusory allegations or legal conclusions masquerading as factual conclusions will not defeat a motion to dismiss. *See Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (citing *Fernandez-Montes*, 987 F.2d at 284).

Alternatively, the Defendant in this case, Dr. Ortenberg, has asked that the Court consider her motion as one for summary judgment. Summary judgment will be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed R. Civ P. 56(c)); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L. Ed. 2d 265 (1986); *Brown v. City of Houston, Tex.*, 337 F.3d 539, 540-41 (5th Cir. 2003). A material fact is a fact which, under applicable law, may alter the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L. Ed. 2d 202 (1986); *Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 271 F.3d 624, 626 (5th Cir.

2001). A dispute is genuine when a reasonable finder of fact could resolve the issue in favor of either party, based on the evidence before it. *Anderson*, 477 U.S. at 250; *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002). "The moving party bears the burden of demonstrating that there exists no genuine issues of material fact." *In re Vioxx Prods. Liab. Litig.*, 501 F. Supp. 2d 776, 781 (E.D. La. 2007). When considering a motion for summary judgment, the Court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 137 (5th Cir. 2004). If the party moving for summary judgment demonstrates the absence of a genuine issue of material fact "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Willis v. Roche Boimedical Labs., Inc.,* 61 F.3d 313, 315 (5th Cir. 1995).

Additionally, the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. *See Anderson*, 477 U.S. at 248. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Id.* at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case on which they bear the burden of proof. *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004). A non-movant's conclusory allegations or bare assertions unsupported by facts are insufficient to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 247-48.

### A. Plaintiff's ADA claims

The ADA, as explained by the Fifth Circuit, "prohibits covered entities, including prospective employers, from discriminating against individuals on the basis of their disabilities."

*Bayless v. Orkin Exterminating Co.*, 67 F. App'x 251 (5th Cir. 2003). As the ADA defines it, a disability can be either: "(A) a physical or mental impairment that substantially limits one or more major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102. A "covered entity" can be "an employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 12111. Finally, an "employer" is defined as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person." 42 U.S.C. § 12111.

If an individual is not a "covered entity," they cannot face liability under the ADA. The Plaintiff in this case has not alleged that the doctors were her employer or that they were a covered entity. She does not allege that the doctors were an agent of the School Board or that the School Board had any control over the doctors' job functions. Instead she merely alleges that the doctors acted in concert with a covered entity, the School Board. The Plaintiff does not cite to a single case in which a Court has held that the ADA can be applied to someone in their individual capacity for acting in concert with an employer. Instead, all of the case law that Plaintiff cites deals with alleged constitutional violations and is inapplicable here. Accordingly, the Plaintiff has failed to state a claim under the ADA. Therefore, Plaintiff's ADA claims against the doctors must be dismissed. *See Satterfield v. Tennessee*, 295 F.3d 611, 617-18 (6th Cir. 2002) (holding that a doctor and a clinic that were hired by a state employer to review medical records of potential employee's and determine eligibility for employment could not be considered "covered entities" as defined by the ADA).

### B. Plaintiff's claims under the 5th and 14th Amendments

Although the Plaintiff in this case has asserted claims against the doctor defendants under the 5th and 14th Amendments for alleged violations of her due process rights, she has not asserted a claim under 42 U.S.C. § 1983. In order to bring a cause of action against a private individual under the 5th Amendment, the 14th Amendment, a plaintiff must show that there has been "state action." *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 924 (1982). To prove a violation under section 1983, however, a plaintiff must prove that a private individual acted "under color of state law." *Id.* The Supreme Court has held that these requirements "are identical." *Id.* at 929. Thus, to prove either type of violation, there must be a showing that a private plaintiff "conspired with or acted in concert with state actors." *Able Security and Patrol, LLC v. Louisiana*, 569 F. Supp. 2d 617, 630 (E.D. La. 2008). In other words, "the focus of the inquiry into whether a private actor can be subjected to constitutional liability is whether 'such a close nexus between the State and the challenged action' exists 'that seemingly private behavior may be fairly treated as that of the State itself.'" *Id.* (quoting *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Accoc.*, 531 U.S. 288, 295 (2001).

Plaintiff cites to no case holding that a doctor, employed by a clinic, who treats patients referred by a School Board, acted in concert with the state. Instead, the cases that she does cite generally stand for the proposition that in certain circumstances where a pre-arranged agreement existed for the arrest of shoplifters a security guard or police officer's conduct may constitute state action. *See Morris v. Dillard Dept. Stores, Inc.*, 277 F.3d 743, 750 (5th Cir. 2001); *Bartholomew v. Lee*, 889 F.2d 62, 63 (5th Cir. 1989); *Hernandez v. Schweggmann Bros. Giant Supermarkets, Inc.*, 673 F.2d 771, 772 (5th Cir. 1982); *White v. Scrivner Corp.*, 594 F.2d 140.

141 (5th Cir. 1979); *Durisio v. K-Mart*, 559 F.2d 1274, 1277 (5th Cir. 1977); *Smith v. Brookshire Bros., Inc.*, 519 F.2d 93, 94 (5th Cir. 1975). Plaintiff also cites to two cases that deal with other issues, both of which are not persuasive here.

First, in *Lugar v. Edmonson Oil Co.*, the Supreme Could held that a private creditor and its president had acted under color of state law when they used a state law to deprive a debtor of his property. 457 U.S. 922, 942 (1982). Similarly, in *Brentwood*, "a statewide association incorporated to regulate interscholastic athletic competition among public and private secondary school" could be "regarded as engaging in state action when it enforce[d] a rule against a member school." 531 U.S. at 290. In both of these cases, the individuals who were found to have engaged in state action had been following a rule or a law that had been created by the state or someone with a state approved regulatory function. In this case, the doctors did no more than treat a patient that had been referred to them by the School Board. As a matter of law, this conduct can be considered nothing more than private action at the request of a state actor. Accordingly, Plaintiff's claims under the 5th and 14th amendments must be dismissed.

**C.    Plaintiff's state law claims**

A court may exercise supplemental jurisdiction over a claim or a party, where jurisdiction is otherwise lacking, if that claim or party is so related to a claim over which the court does have original jurisdiction that it "form[s] part of the same case or controversy." 28 U.S.C. § 1367(a); *see Miller v. Griffin-Alexander Drilling Co.*, 873 F.2d 809, 814 (5th Cir. 1989) The exercise of supplemental jurisdiction is discretionary and a court may decline to exercise supplemental jurisdiction in a case in which it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In *Miller*, the Fifth Circuit affirmed the district

court's discretionary dismissal of a Plaintiff's claims against several doctors after it concluded that it lacked admiralty jurisdiction over those claims. 873 F.2d at 810, 814. The Fifth Circuit concluded that the dismissal was not an abuse of discretion because "[t]he doctors were impleaded two and one-half years after the filing of the admiralty claims, and the [district] court noted that Louisiana has a comprehensive medical malpractice act under which the action against them could still be filed." *Id.* at 814. Similarly, in this case, Plaintiff did not amend her complaint to assert claims against the doctors until nearly two years after initiating this proceeding in this Court. Plaintiff has previously initiated a lawsuit against Dr. Ortenburg in state court, and may still be able to proceed there pending resolution of any medical malpractice review. Accordingly, the Court does not feel that justice would be served by exercising supplemental jurisdiction over these Defendants, and Plaintiff's state law claims are therefore dismissed.

Even if the exercise of supplemental jurisdiction was appropriate in this case, the Louisiana Medical Malpractice Act ("MMA") would require dismissal of Plaintiff's state law claims anyway. The MMA requires that all claims arising out of medical malpractice be reviewed by a medical review panel before a lawsuit is filed. La. Rev. Stat. 40:1299.47. Malpractice, as defined by the MMA, is:

> any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient, including failure to render services timely and the handling of a patient, including loading and unloading of a patient, and also includes all legal responsibility of a health care provider arising from defects in blood, tissue, transplants, drugs and medicines, or from defects in or failures of prosthetic devices, implanted in or used on or in the person of a patient.

La. Rev. Stat. 40:1299.41. Plaintiff argues that not every act of negligence by a doctor

constitutes medical malpractice. In support of this claim, Plaintiff cites *Williamson v. Hospital Service District No. 1 of Jefferson*, 2004-0451 (La. 12/1/04); 888 So.2d 782, in which a patient was injured when the wheelchair he was being transported in fell apart. There, the Court, in holding that the transport of a patient in a faulty wheelchair did not constitute medical malpractice, looked to the following six factors:

> (1) whether the particular wrong is "treatment related" or caused by a dereliction of professional skill,
> (2) whether the wrong requires expert medical evidence to determine whether the appropriate standard of care was breached,
> (3) whether the pertinent act or omission involved assessment of the patient's condition,
> (4) whether an incident occurred in the context of a physician-patient relationship, or was within the scope of activities which a hospital is licensed to perform,
> (5) whether the injury would have occurred if the patient had not sought treatment, and
> (6) whether the tort alleged was intentional.

*Id.* at 6; 888 So.2d at 786-87. In this case, these factors support the conclusion that Plaintiff's negligence claims against the doctors arise out of medical malpractice. The alleged harm was in the doctor's purported failure to communicate Plaintiff's need for an accommodation to the School Board. A doctor's recommendation clearly is treatment related, requires professional skill, involves assessment of the patient's condition, occurs within the physician-patient relationship, and would not have occurred if the Plaintiff had not sought treatment. Thus, it is apparent that if there was a breach of a duty in this case, it arose out of medical malpractice. Plaintiff's state law claims must be dismissed.

### D. Plaintiff's request to amend her complaint for a fourth time

On December 1, 2009, certain amendments to Rule 15 the Federal Rules of Civil Procedure became effective. Rule 15 now reads, "[a] party may amend its pleading once as a

matter or course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule (12)(b)." Fed. R. Civ. P. Rule 15(a)(1)(B). Because more than 21 days have elapsed since the filing of the instant motion, Defendant objects to amendment in this case. However, Rule 15 also provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. Rule 15(a)(2). In light of the fact that the Plaintiff has already amended her complaint three times, the Court finds that it would not be in the interests of justice to allow another amendment at this stage of the proceedings. Accordingly, Plaintiff's request for leave to amend is denied.

## IV.    CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Motion to Dismiss filed by Defendant Keven J. Bianchini (Rec. Doc. 54) and the Motion to Dismiss, or in the Alternative, for Summary Judgement filed by Defendant Karen Ortenberg (Rec. Doc. 67) are GRANTED. IT IS FURTHER ORDERED that Plaintiff's claims against Dr. Bianchini and Dr. Ortenberg are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __10th__ day of May, 2010.

_____
United States District Judge