UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOYCE WHETSTONE | CIVIL ACTION |
| VERSUS | NUMBER 07-9704 |
| JEFFERSON PARISH PUBLIC SCHOOL BOARD | SECTION "L" (3) |

### ORDER & REASONS

Currently pending before the Court are Plaintiff's Motion for Reconsideration (Rec. Doc. 151); Defendant's Motion to Strike (Rec. Doc. 159); and Plaintiff's motions to continue the submission dates on both motions (Rec. Docs. 162, 163). The Court has reviewed the briefs and does not require any additional briefing on this matter. For the following reasons, all pending motions are DENIED.

### I.  Background

The material facts in this case are set forth in the Court's Order and Reasons of March 27, 2012. (Rec. Doc. 146). Briefly, Plaintiff Joyce Whetstone, a Jefferson Parish special education teacher, was attacked by two of her students in two separate incidents on February 22, 2001 and March 8, 2001. After the attacks, Plaintiff remained at work for another week, until March 15, 2001. On March 15, 2001, she was placed on disability leave pursuant to the opinion of a Dr. Kretchler that she was temporarily totally disabled on the basis of neck pain. Plaintiff received "assault pay" pursuant to a Louisiana statute. Other than one attempt to return to work for part of one day on October 30, 2001, from which Plaintiff sent home after the school nurse found that she had very high blood pressure, Plaintiff remained on disability leave through August or October, 2005 (it is unclear from the record) and did not work at all during that period.

Plaintiff also alleges that she was terminated, but she does not state the specific day. The parties dispute whether Plaintiff was terminated or whether she took a medical retirement.

On July 28, 2006, Plaintiff filed a state court Petition for Damages in the 24th Judicial District for the Parish of Jefferson which named Dr. Ortenberg as a defendant. On January 19, 2007, Plaintiff filed a Medical Review Panel Complaint with the Division of Administration. On March 5, 2007, the state court granted an exception of prematurity and dismissed Plaintiff's claims against Dr. Ortenberg without prejudice. On December 19, 2007, Plaintiff filed the instant lawsuit in this Court, initially naming only the School Board as a Defendant. On September 30, 2009, Plaintiff amended her complaint to include claims against Dr. Bianchini and on November 16, 2009, she amended her complaint to include claims against Dr. Ortenberg.

In her Third Amended Complaint, Plaintiff asserted claims against all Defendants under the Americans with Disabilities Act ("ADA"), claims alleging constitutional violations of procedural and substantive due process, and state law claims for negligence, intentional infliction of emotional distress, and the breach of the standard of care owed by a doctor to their patient. Dr. Bianchini and Dr. Ortenberg filed motions to dismiss, which the Court granted on May 12, 2010. The Jefferson Parish School Board is the only remaining Defendant.

On March 27, 2012, the Court issued an Order and Reasons granting Defendant's motion for summary judgment in part and denying Plaintiff's motion for summary judgment. The Court concluded that Plaintiff could not establish a *prima facie* case of discrimination or failure to accommodate under the Americans With Disabilities Act (ADA) because "Plaintiff has not raised a genuine fact issue that she was ever disabled within the meaning of the ADA, and moreover there is no single point in time at which Plaintiff was qualified to return to work while

Defendant was simultaneously aware of her PTSD (assuming for the sake of argument that the condition constitutes a disability under the ADA)." (Rec. Doc. 146 at 9-10).

The Court also addressed Plaintiff's claims under other legal theories and ordered Plaintiff to submit briefing on why summary judgment should not be granted as to her remaining claims for retaliation under the ADA and denial of due process. *Id.* at 18. Plaintiff responded by filing a motion for reconsideration. (Rec. Doc. 151).

## II.     Law & Analysis

### A.     Plaintiff's Claims for Retaliation and Due Process

The Court directed Plaintiff to submit a brief addressing why summary judgment should not be granted as to the due process and ADA retaliation claims. Plaintiff concedes that "there seems to be no viable retaliation claim." (Rec. Doc. 156 at 1). She does not address her claims for violations of procedural or substantive due process. Accordingly, summary judgment in favor of Defendant is granted as to those remaining claims not addressed by the Court's prior Order and Reasons.

### B.     Plaintiff's Motion for Reconsideration

Motions asking a court to reconsider an order are generally analyzed under the standards for a motion to alter or amend a judgment pursuant to Rule 59(e) or a motion for relief from a judgment or order pursuant to Rule 60(b). *See Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). Rule 59(e) governs when the motion is filed within 28 days of the challenged order. *See* Fed. R. Civ. P. 59(e). Because Plaintiff's Motion was filed just within 28 days of entry of the Order and Reasons it challenges, the Court treats the Motion as one pursuant to Rule 59(e).

-3-

A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Rather, Rule 59(e) serves the narrow purpose of correcting manifest errors or law or fact, or presenting newly discovered evidence. *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 1667, 174 (5th Cir. 1990); *Templet*, 367 F.3d at 479 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (quoting *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)). In the Fifth Circuit, altering, amending, or reconsidering a judgment under Rule 59(e) "is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479 (citing *Clancy v. Empl'rs Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)). "A Rule 59(e) motion should not be used to re-litigate prior matters that...simply have been resolved to the movant's dissatisfaction." *Voisin v. Tetra Technologies, Inc.*, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). Yet at the same time, the Rule 59(e) standard "favors denial of motions to alter or amend." *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

The Court has reviewed Plaintiff's motion for reconsideration, the appended materials,[1]

---

[1] Defendant argues that the supplemental materials are actually new evidence not presented in connection with the original motions for summary judgment, and not a summary or distillation of evidence already in the record. Regardless, the materials do not support reconsideration.

and Defendant's opposition.  Although the parties spend an inordinate and unnecessary amount of effort arguing nuances and minutiae, the Court can discern from the briefing no basis for reconsidering the Order and Reasons.  Plaintiff rehashes her original arguments and again contends that after her attacks she had post-traumatic stress disorder (PTSD) and could not or would not work with potentially violent students, that Defendant failed to "accommodate" her by not assigning her to a different classroom, and that Defendant's failure to reassign her caused her to become more injured or permanently disabled.

For all the reasons set forth in the Court's Order and Reasons, Plaintiff's allegations do not fit within the rubric of an ADA claim for failure to grant reasonable accommodation for a disability.  "Disability" and "accommodation" as used in the ADA are terms of art, and Plaintiff continues to fail to address the legal definitions of those terms, or explain how her factual allegations satisfy her *prima facie* burden, or cite apposite authorities finding an arguable ADA violation on similar facts.  With respect to her alleged disability, Plaintiff ignores applicable Fifth Circuit authority holding that "PTSD ... standing alone, is not necessarily a disability contemplated by the ADA."  *Howard v. Sw. Bell Tel. Co.*, 136 F.3d 1047, 1050 (5th Cir. 1998).  Plaintiff argues only that her PTSD substantially limited her ability to work, but under the applicable law a person is only substantially limited in the major life activity of working (and thus disabled within the meaning of the statute) if she has an impairment that significantly limits her from performing "a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities."  *See Aldrup v. Caldera*, 274 F.3d 282, 286-87 (5th Cir. 2001) (quotation omitted).  Plaintiff argues that her PTSD made her unable to work with potentially violent students, which "would merely tend to show that

[plaintiff] was unable to perform any job at one specific location, and is not evidence of [her] general inability to perform a broad class of jobs." *See id.* at 287.  Thus, Plaintiff was not substantially impaired in her ability to work, and not disabled within the meaning of the ADA.  In addition, Plaintiff again fails to reconcile her acceptance of disability benefits and her purported ability to return to work, or explain how she was qualified for her position without the proposed "accommodation."[2]

The Court does not imply that Plaintiff does not have a valid grievance against the School Board, but any such grievance is essentially a personnel matter that is not a matter for resolution via the Americans with Disabilities Act.  Her arguments are best directed towards a potential tort or workers' compensation remedy against the School Board or a malpractice claim against her doctors.  For the foregoing reasons and the reasons set forth in the original Order and Reasons, reconsideration on the grant of summary judgment with respect to Plaintiff's ADA discrimination claim is denied.

**D.     Defendant's Motion to Strike**

In connection with its opposition to Plaintiff's motion for reconsideration, Defendant filed a motion to strike materials submitted by Plaintiff in support of that motion.  Defendant's Motion to Strike is based on precisely the same grounds as Defendant's opposition to reconsideration.  (Rec. Doc. 159-1 at 3) ("[D]efendant re-urges those arguments contained in that

---

[2]In a supplemental filing, Plaintiff also seeks reconsideration of the Court's grant of summary judgment on her claim for intentional infliction of emotional distress.  Plaintiff did not originally oppose summary judgment on that claim.  Even if it were appropriate to allow Plaintiff to offer an untimely opposition to summary judgment on that claim, summary judgment on the claim is still warranted.  The facts, taken in the light most favorable to Plaintiff, suggest a disagreement with her employer that does not rise to the level of "a pattern of deliberate, repeated harassment over a period of time."  *See Nicholas v. Allstate Ins. Co.*, 765 So. 2d 1017, 1027 (La. 2000).

Opposition Memorandum as if copied herein in extenso."). The motion to is denied as both redundant and moot.

**IV.     Conclusion**

For the foregoing reasons, IT IS ORDERED that Plaintiff's Motion for Reconsideration, Defendant's Motion to Strike, and Plaintiff's motions to continue submission (Rec. Docs. 151, 159, 162, 163) are DENIED. All of Plaintiff's claims not dismissed by the Court's Order and Reasons of March 27, 2012 (Rec. Doc. 146) are DISMISSED WITH PREJUDICE. A final judgment dismissing all of Plaintiff's claims shall issue.

New Orleans, Louisiana, this 29th day of May, 2012.

_____
United States District Judge